IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUXOTTICA GROUP, S.P.A., AN ITALIAN CORPORATION,<br><br>　　　　　　*PLAINTIFF*,<br><br>V.<br><br>RCYA ENTERPRISES, INC., A NEW YORK CORPORATION AND ISAAC AVTZON, AN INDIVIDUAL,<br><br>　　　　　　*DEFENDANTS*. | CASE NO. 3:19-CV-02861<br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Luxottica Group, S.p.A. ("Luxottica" and "Plaintiff") files this Original Complaint against Defendants RCYA Enterprises, Inc., a New York Corporation ("RCYA") and Isaac Avtzon, an individual (collectively, "Defendants") for trademark infringement and counterfeiting in violation of 15 U.S.C. § 1114, False Designation of Origin in violation of 15 U.S.C. § 1125(a)(1)(A), and dilution under 15 U.S.C. § 1125(c), as well as trademark infringement, unfair competition, dilution, and unjust enrichment under Texas law.

Plaintiff seeks: (1) actual, treble, and exemplary damages from Defendants as well as an accounting of profits; (2) alternatively, up to $2 million per counterfeit mark due to Defendants' willful counterfeiting; (3) an order that the infringing and counterfeit goods be surrendered for destruction; (4) a preliminary injunction, and after trial, a permanent injunction; and (5) Plaintiff's attorney's fees and costs of court.

## I. PARTIES

1.      Plaintiff Luxottica is an Italian corporation with its principal place of business in Milan, Italy.

2.      On information and belief, Defendant RCYA Enterprises, Inc. is a corporation organized and existing under the laws of the State of New York, located at 10624 Avenue D., Brooklyn, New York, 11236. Defendant RCYA may be served with process via the New York Secretary of State as the statutory agent for service of process, to RCYA Enterprises, Inc., 10624 Avenue D., Brooklyn, New York, 11236.

3.      On information and belief, Defendant Isaac Avtzon is an individual who resides at 547 Crown St., Brooklyn, New York, 11213-5126.

4.      On information and belief, Defendants are directly engaging in the promotion and sale of counterfeit and infringing products within this Judicial District.

## II. JURISDICTION AND VENUE

5.       This Court has subject-matter jurisdiction over the Lanham Act claims in this action under 28 U.S.C. §§ 1331 and 1338.  The Court has supplemental jurisdiction over the Texas state law claims in this action under 28 U.S.C. § 1367 because these claims arise out of the same transactions and occurrences giving rise to the federal Lanham Act claims and are so related to those claims as to be a part of the same case or controversy.  The Court has original jurisdiction over Plaintiff's unfair competition claims under 28 U.S.C. § 1338(b).

6.      This Court has personal jurisdiction over Defendants by virtue of their commission of tortious and/or infringing acts inside of this judicial district. In particular, Defendants operate an interactive storefront on eBay that allows shipping to Texas and enables consumers in this Judicial

District to pay for and purchase products online for delivery in this Judicial District. By doing business in and committing acts of infringement, unfair competition, dilution, and other wrongs in this District, Defendants have availed themselves of the benefits and protections of this state and the exercise of jurisdiction over Defendants in this Judicial District does not offend "traditional notions of fair play and substantial justice." The acts that are the subject of Plaintiff's claims were committed by Defendants in the State of Texas in this District such that Defendants should reasonably anticipate being haled into court in this Judicial District.

7.      Under 28 U.S.C. § 1391(b)(1), venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims of this action occurred in this District.

### III. Factual Allegations

**A.      The World Famous Luxottica Brands and Products**

8.      Luxottica is engaged in the manufacture, marketing, and sale of premium, luxury, and sports eyewear throughout the world.  Luxottica's proprietary brands include Ray-Ban®, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli, and Arnette.

9.      Through its affiliates and subsidiaries, Luxottica operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America, and Sunglass Hut worldwide.

10.      Luxottica's Ray-Ban® products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its internet websites, including www.ray-ban.com, throughout the United States, including Texas.

11. Luxottica is the owner of various trademarks under the Ray-Ban® brand including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Ray-Ban® Marks"):

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 650,499 | *Ray-Ban* | FOR: SUNGLASSES, SHOOTING GLASSES, AND OPHTHALMIC LENSES - IN CLASS 9. |
| 1,093,658 | *Ray-Ban* | FOR: OPHTHALMIC PRODUCTS AND ACCESSORIES – NAMELY, SUNGLASSES; EYEGLASSES; SPECTACLES; LENSES AND FRAMES FOR SUNGLASSES, EYEGLASSES, SPECTACLES AND GOGGLES; AND CASES AND OTHER PROTECTIVE COVERS FOR SUNGLASSES, EYEGLASSES, SPECTACLES – IN CLASS 9. |
| 3,522,603 | *Ray-Ban* | FOR: SUNGLASSES, EYEGLASSES, LENSES FOR EYEGLASSES, EYEGLASSES FRAMES, CASES FOR EYEGLASSES - IN CLASS 9. |
| 1,511,615 | LUXOTTICA ☆☆ | FOR: EYEGLASSES, SUNGLASSES, ETPLES AND EYEGLASS FRAMES – IN CLASS 9. |
| 1,271,617 | SHOOTER | SUNGLASSES AND OPHTHALMIC FRAMES – IN CLASS 9. |
| 1,271,616 | OUTDOORSMAN | SUNGLASSES AND OPHTHALMIC FRAMES – IN CLASS 9. |
| 595,513 | WAYFARER | SUN GLASSES – IN CLASS 9. |
| 1,335,308 | BALORAMA | SUNGLASSES AND OPHTHALMIC FRAMES – IN CLASS 9. |
| 1,537,974 | CLUBMASTER | SUNGLASSES – IN CLASS 9. |
| 1,933,596 | PREDATOR | SUNGLASSES – IN CLASS 9. |
| 590,522 | G-15 | SUNGLASSES AND OPHTHALMIC LENSES – IN CLASS 9. |

12.    Luxottica has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban® Marks.  As a result, products bearing the Ray-Ban® Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica and have acquired strong secondary meaning.

13.    Luxottica has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban® Marks.[1]  These registrations are valid and subsisting, and the majority are incontestable.

14.    The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Luxottica's exclusive right to use the Ray-Ban® Marks in connection with the goods identified therein and other commercial goods.

15.    The registration of the marks also provides constructive notice to Defendants of Luxottica's ownership and exclusive rights in the Ray-Ban® Marks.

16.    The Ray-Ban® Marks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

17.    The Ray-Ban® Marks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

---

[1] All registrations of the Ray-Ban Marks originally held in the name of Bausch and Lomb, Luxottica's predecessor, were assigned in full to Luxottica in 1999.

**B.**      **Defendants' Infringing Conduct**

<u>*Infringing Activity in 2017*</u>

18.      On March 21, 2017, a Luxottica representative placed 3 eBay purchases from the online seller digitalUSA, which is owned and operated by Defendants. The Luxottica representative purchased three pair of products identified as "Brand New!! Ray-Ban Aviator Sunglasses," product number 272403532476 for $69.99 each.







19.    The products were delivered on March 23, 2017:



20.    Then, on April 21, 2017, the Luxottica representative placed two more orders on eBay through the seller digitalUSA.  The Luxottica representative ordered 2 pair of purported Ray-Ban sunglasses described as "Brand New!! Ray-Ban Aviator Large Metal Sunglasses," RB 3025, item number 272403532476, in Gold/Gray and Gold/Orange, for $69.99 each.







21.    On July 27, 2017, a third-party investigator hired by Luxottica engaged in 2 eBay auctions by the seller digitalUSA.  After successfully conducting two "Buy It Now" bids and corresponding with the seller, the investigator purchased the following items:

a.    One pair of "Brand New!! Ray-Ban Aviator Flat Metal Sunglasses" identified as "149/19 – DEMI GLOSS SAND GOLD …" at the listing shown at http://www.ebay.com/itm/Brand-New-Ray-Ban-Aviator-Flat-Metal-Sunglasses-/282331563812; and

b.    One pair of "Brand New!! Ray-Ban Original Wayfarer Sunglasses" identified as "6066/58 MATTE BROWN/GOLD FLA…" as shown in the listing at http://www.ebay.com/itm/Brand-New-Ray-Ban-Original-Wayfarer-Sunglasses-/272675223495.

22.    The items were purchased for the total amount of $139.98, which was paid through PayPal and resulted in confirmation from PayPal identifying the "seller info" as "RCYA Enterprises Inc. (digitalUSA), 718.872.5008" and stating, "You will see 'PAYPAL 'RCYAENTERPR' on your card statement."  During this purchase process, Luxottica's investigator noted that digitalUSA was identified by eBay as a "Seller with highest buyer ratings" and a "Member since: Oct-03-99 in United States."

23.     On August 3, 2017, Luxottica's investigator received the purchased products via USPS. The return address on the shipping package was labeled as follows:



The investigator utilized the USPS tracking information provided by digitalUSA at Tracking No. 9400111699000932494549 and obtained the following information:

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| August 2, 2017, 9:56 am | Delivered, In/At Mailbox | NEWHALL, CA 91321 |
| Your item was delivered in or at the mailbox at 9:56 am on August 2, 2017 in NEWHALL, CA 91321. | | |
| August 2, 2017, 9:01 am | Out for Delivery | NEWHALL, CA 91321 |
| August 2, 2017, 8:51 am | Sorting Complete | NEWHALL, CA 91321 |
| August 2, 2017, 7:22 am | Arrived at Post Office | NEWHALL, CA 91321 |
| August 1, 2017, 11:40 pm | Departed USPS Regional Destination Facility | SANTA CLARITA CA DISTRIBUTION CENTER |
| August 1, 2017, 11:40 pm | Arrived at USPS Regional Destination Facility | SANTA CLARITA CA DISTRIBUTION CENTER |
| July 31, 2017, 4:22 pm | Departed USPS Regional Facility | NORTHWEST ROCHESTER NY DISTRIBUTION CENTER |
| July 30, 2017, 4:15 am | Arrived at USPS Regional Facility | NORTHWEST ROCHESTER NY DISTRIBUTION CENTER |
| July 29, 2017, 1:07 am | Departed USPS Regional Origin Facility | QUEENS NY DISTRIBUTION CENTER |
| July 29, 2017, 1:07 am | Arrived at USPS Regional Origin Facility | QUEENS NY DISTRIBUTION CENTER |
| July 28, 2017, 11:52 pm | Accepted at USPS Origin Facility | BROOKLYN, NY 11236 |
| July 28, 2017, 3:14 pm | Item Accepted/Picked Up for Initial Processing | BROOKLYN, NY 11236 |
| July 28, 2017 | Pre-Shipment Info Sent to USPS, USPS Awaiting Item | |

24.     On behalf of Plaintiff, each of the purchased items were inspected by Luxottica's Intellectual Property Enforcement Counsel, who determined that the purchased sunglasses are counterfeit and infringe the Ray-Ban® Marks.

25.     As a result of the purchase of these counterfeit items, Luxottica sent correspondence to RCYA on September 19, 2017, notifying RCYA that Luxottica had purchased counterfeit Ray-Ban® branded products from RCYA's digitalUSA site on eBay and requesting an inventory audit be completed and an Audit Statement returned by RCYA so that the parties could work toward an informal resolution of the matter. Defendant Isaac Avtzon, who is shown on the eBay page for digitalUSA as the point of contact for digitalUSA, responded to Luxottica's letter on September 25, 2017 and reported that Defendants were investigating Luxottica's claims, but insisted that they were not trafficking in any counterfeit product, despite the evidence provided by Luxottica. On October 19, 2017, after no substantive response from Defendants was forthcoming, counsel for Luxottica reiterated the request for an inventory audit and completion of the Audit Statement.

26.     Luxottica continued to monitor Defendants' activities on eBay through digitalUSA and in November 2017, a Luxottica representative purchased 2 more pair of Ray-Ban® branded sunglasses, described as "Brand New!! Ray-Ban Aviator Large Metal Sunglasses, RB 3025" in Matte Gold/Sky Blue and Matte Gold/Green Gradient, item number 272937604372.





27. Each of these purchased items were inspected by Luxottica's Intellectual Property Enforcement Counsel, who determined that the purchased sunglasses are counterfeit and infringe the Ray-Ban® Marks.

### <u>The Infringing Activity Continues In 2019</u>

28. In October 2019, a Luxottica representative made another purchase of 2 pair of Ray-Ban® branded sunglasses, identified as RB3016 and RB2140.



29.     The order shipped from digitalUSA at  the 10624 Avenue D. address in Brooklyn, NY, on October 10, 2019 and was received by Luxottica on October 16, 2019.



30.     Subsequently, on October 28, 2019, another third-party investigator for Luxottica (this one in Dallas, Texas) purchased 3 pair of Ray-Ban® branded sunglasses on eBay from digitalUSA as follows:

a.       RB4125 – purchased for $69.99;



b. RB4171 – purchased for $69.99;



c. and RB3044 – also purchased for $69.99.



31. The investigator completed the online transaction and immediately received confirmation of the purchase as shown below:



32.    The investigator received the package from digitalUSA on November 1, 2019 via USPS #9400 1116 9900 0972 1022 45. The package was delivered to Frisco, Texas, a suburb of Dallas.

33.    The package from digitalUSA contained the 3 pair of Ray-Ban® branded sunglasses purchased by the investigator, as shown below. Also, as shown below, the investigator noted that upon his receipt of the package, the online eBay portal for digitalUSA depicting the transaction changed to show the products "delivered."





34.     As with prior purchases, these items were inspected by Luxottica's Intellectual Property Enforcement Counsel, who determined that the sunglasses purchased from digitalUSA, as well as the respective packaging of each product, are counterfeit and infringe the Ray-Ban® Marks.

35.     In all, beginning in March 2017 and as recently as November 2019, Luxottica and/or Luxottica's investigators have purchased 14 separate counterfeit Ray-Ban® branded products from digitalUSA on eBay.

36.     Defendants have no license, authority, or other permission from Plaintiff to use any of the Ray-Ban® Marks in connection with the advertising, promotion, distribution, public display, sale, and/or offer for sale of any products, including the counterfeit items at issue.

37.     The foregoing acts of Defendants constitute direct trademark infringement in violation of federal law.

38.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Luxottica products offered for sale and sold by Defendants are authentic or authorized products of Plaintiff.

39.     The activities of Defendants, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Luxottica products and Plaintiff.

40.     Defendants are well aware of the extraordinary fame and strength of the Luxottica brands and the Ray-Ban® Marks, and the incalculable goodwill associated with the brands and marks.

41.     Defendants' knowing and deliberate hijacking of Plaintiff's famous marks and sale of counterfeit products has caused, and continues to cause, substantial and irreparable harm to Plaintiff's goodwill and reputation.

42.     Moreover, Plaintiff has no ability to control the quality of the goods provided by Defendants in conjunction with the Ray-Ban® Marks, and, therefore, is at risk of irreparable harm for which there is no remedy at law and which money damages cannot repair.

43.     As established above, these actions were intentional by Defendants—and have continued even beyond formal notice of the counterfeit nature of the goods—as part of a scheme to trade on the goodwill built by Plaintiff through Plaintiff's investment of time, efforts, and advertising in the Ray-Ban® Marks.  Defendants are intentionally trading off the goodwill Plaintiff has built up in its marks over years of use and promotion.

44.     Plaintiff therefore seeks the entry of an injunction preventing the sale of counterfeit Luxottica products by Defendants.  Plaintiff also seeks damages, including exemplary damages, statutory damages, and attorneys' fees, as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing the Ray-Ban® Marks.

## IV.  CLAIMS ASSERTED BY LUXOTTICA

### COUNT I
### Trademark Infringement and Counterfeiting Under 15 U.S.C. § 1114

45.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

46.     Defendants, without authorization from Luxottica, have used and are continuing to use in commerce spurious designations that are identical to, or substantially indistinguishable from, the Ray-Ban® Marks.

47.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into

believing that counterfeit Luxottica products offered for sale and sold by Defendants are authentic or authorized products of Luxottica.

48.     Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Luxottica products and Luxottica.

49.     Defendants' acts constitute trademark infringement and counterfeiting of the Ray-Ban® Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.  As established by the registration of the marks, the marks are protectable and enforceable against Defendants, Luxottica is the owner of the marks, and Luxottica is the senior user of the marks.  Moreover, Defendants' actions have caused a likelihood of confusion and damage to Luxottica.  In particular, through infringement of the of the Ray-Ban® Marks, Defendants are harming Luxottica and diverting sales that would otherwise go to Luxottica.  Defendants' infringement of the of the Ray-Ban® Marks is likely to cause confusion and mistake as to the source of Defendants' goods.

50.     In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendants should be enjoined from using the Ray-Ban® Marks and any confusingly similar variation thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendants' goods, which are not genuine Luxottica products.

51.     Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Luxottica is entitled to recover from Defendants:  (i) Defendants' profits, (ii) the damages sustained by Luxottica, and (iii) the costs of this action.  Alternatively, Luxottica is entitled to statutory damages of up to $2 million per counterfeit mark per type of goods due to Defendants' willful counterfeiting.  Due to the knowing, intentional, and purposeful nature of Defendants' conduct, Luxottica seeks treble the

amount of its actual damages.  Due to the exceptional nature of this case, Luxottica also seeks its reasonable attorney's fees.

## COUNT II
### False Designation of Origin Under 15 U.S.C. § 1125(a)

52.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

53.     Defendants' acts committed in the course of interstate commerce constitute materially false and misleading misrepresentations of fact with respect to the origin of Defendants' goods, and the affiliation, sponsorship, and approval of Defendants' goods in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

54.     In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendants should be enjoined from using the Ray-Ban® Marks and any confusingly similar variation thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendants' goods, which are not genuine Luxottica products.

55.     Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Luxottica is entitled to recover from Defendants:  (i) Defendants' profits, (ii) the damages sustained by Luxottica, and (iii) the costs of this action.  Due to the knowing, intentional, and purposeful nature of Defendants' conduct, Luxottica seeks treble the amount of its damages.  Due to the exceptional nature of this case, Luxottica seeks its reasonable attorney's fees.

## COUNT III
### Trademark Dilution Under 15 U.S.C. § 1125(c)

56.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

57.     The Ray-Ban® Marks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

58.     The Ray-Ban® Marks are famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

59.     Defendants sold counterfeit Luxottica products that diluted (by blurring and tarnishing) the distinctive quality of the Ray-Ban® Marks and decreased the public's capacity to identify and distinguish authentic Luxottica products.

60.     Defendants' acts committed in the course of interstate commerce constitute dilution by blurring and tarnishment in violation of Section 43(c) of the Lanham At, 15 U.S.C. § 1125(c). Luxottica has been damaged by Defendants' actions.   Defendants' acts have impaired the distinctiveness of the Ray-Ban® Marks and, unless enjoined, will continue to harm the distinctiveness of these marks.

61.     Defendants' use of the Ray-Ban® Marks is likely to blur the distinctiveness of the marks.   Additionally, Defendants' use of the Ray-Ban® Marks is further likely to tarnish and therefore dilute the distinctiveness of the marks due to similarity of the marks.

62.     In accordance with Section 43 of the Lanham Act, 15 U.S.C. §1125(c), Defendants should be enjoined from using the Ray-Ban® Marks and any confusingly similar variation thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendants' goods, which are not genuine Luxottica products.

63.     Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Luxottica is entitled to recover from Defendants: (i) Defendants' profits, (ii) the damages sustained by Luxottica, and (iii) the costs of this action.   Due to the knowing, intentional, and purposeful nature of Defendants'

conduct, Luxottica seeks treble the amount of its damages.  Due to the exceptional nature of this case, Luxottica seeks its reasonable attorney's fees.

## COUNT IV
### Trademark Infringement Under Texas Law

64.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

65.     As established above, Luxottica is the senior user of its marks and enjoys priority over Defendants.  Luxottica's substantial use of these marks in commerce has resulted in the marks being protectable and enforceable.  Defendants' use in commerce of the Ray-Ban® Marks and confusingly similar marks in connection with competing goods constitutes infringement of Luxottica's common-law rights to its marks.  Defendants' use of the marks is likely to cause confusion or mistake as to the source of Defendants' goods.

66.     In accordance with Texas law, Defendants should be enjoined from using the Ray-Ban® Marks and any confusingly similar variation thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendants' goods, which are not genuine Luxottica products.

67.     Luxottica has been damaged by Defendants' actions.  Under Texas law, Luxottica is entitled to recover its actual damages caused by Defendants' trademark infringement and exemplary damages due to the knowing, willful, and intentional nature of Defendants' actions.

## COUNT V
### Unfair Competition Under Texas Law

68.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

69.     Defendants have engaged in commerce in the State of Texas and this Judicial District by marketing, offering to sell, and selling Defendants' competing goods. Defendants have competed unfairly in violation of Texas law by misrepresenting or misleading the public to believe that Defendants' goods are sponsored by, approved by, affiliated with, associated with, or originated by Luxottica.

70.     In accordance with Texas law, Defendants should be enjoined from using the Ray-Ban® Marks and any confusingly similar variation thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendants' goods, which are not genuine Luxottica products.

71.     Luxottica has been damaged by Defendants' actions.  Under Texas law, Luxottica is entitled to recover its actual damages caused by Defendants' unfair competition and exemplary damages due to the knowing, willful, and intentional nature of Defendants' actions.

COUNT VI
**Unjust Enrichment Under Texas Law**

72.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

73.     As set forth above, Defendants have used the Ray-Ban® Marks and Luxottica's goodwill as an integral step in Defendants' sales of their goods.  On information and belief, Defendants have received a direct pecuniary benefit from these unlawful acts.  Defendants are therefore unjustly enriched to Luxottica's detriment.  As a result, Luxottica is entitled to recover its actual damages caused by Defendants' unjust enrichment.

## Count VII
## Dilution Under Tex. Bus. & Comm. Code § 16.103

74.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

75.     As established above, Defendants' actions, particularly their use of the Ray-Ban® Marks in commerce, have injured and are likely to injure in the future Luxottica's business reputation and are likely to dilute the distinctive quality of the Ray-Ban® Marks.

76.     Accordingly, Luxottica is entitled to an injunction enjoining Defendants from: (i) representing that Defendants' goods are in any way sponsored by, approved by, affiliated with, associated with, or originated by Luxottica; (ii) using the Ray-Ban® Marks and any confusingly similar variation thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendants' goods, which are not genuine Luxottica products, and (iii) otherwise competing unfairly with Luxottica or injuring its business reputation in any manner.

77.     Additionally, under Texas law, Luxottica is entitled to recover damages due to the willfulness of Defendants' actions.

## V.  Application for Preliminary and Permanent Injunction

78.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

79.     On information and belief, Defendants, unless enjoined, will continue to use marks that are likely to cause confusion as to the source of their products and services, use marks that incorrectly suggest or are likely to cause confusion as to whether Defendants are affiliated with Plaintiff, and use marks that dilute the distinctiveness of the Ray-Ban® Marks.  All of these acts violate the Lanham Act and Texas law.

80.     These actions entitle Plaintiff to a preliminary injunction and, upon hearing, permanent injunction enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all those persons in active concert or in participation with Defendants, from:

(i)     Representing that Defendants' goods are in any way sponsored by, approved by, affiliated with, associated with, or originated by Plaintiff;

(ii)    Using the Ray-Ban® Marks and any confusingly similar variation thereof, alone or in combination with other words, as a trademark or otherwise, to market, advertise, or identify Defendants' goods, which are not genuine Luxottica products; and

(iii);   Otherwise competing unfairly with Plaintiff or injuring its business reputation in any manner.

For these actions, there is no adequate remedy at law. Further, Plaintiff is substantially likely to prevail on the merits of these claims. The injury to Plaintiff greatly outweighs any injury to Defendants that the requested injunction may cause. The balance of hardships tips strongly in favor of Plaintiff. Finally, the injunction will not disserve the public interest. Therefore, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants.

## VI. DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on its claims alleged against Defendants.

## VII. REQUEST FOR RELIEF

For these reasons, Plaintiff Luxottica Group S.p.A. respectfully requests the Court:

1.      In accordance with Texas law and 15 U.S.C. § 1116, issue a preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with Defendants, from the acts described in paragraph 80 of this Complaint;

2.      Order Defendants, their officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with Defendants, to provide an accounting of all sales, revenues, and profits related to Defendants' goods and services that infringe the Ray-Ban® Marks that are falsely designated as being sponsored by, approved by, affiliated with, or associated with Plaintiff;

3.      Award Plaintiff its actual, treble, and exemplary damages;

4.      As an alternative to actual damages under 15 U.S.C. § 1117(a), award Plaintiff up to $2 million in statutory damages per each counterfeit mark per type of goods under 15 U.S.C. § 1117(c)(2);

5.      In accordance with 15 U.S.C. § 1118, order all materials in Defendants' possession or control bearing the Ray-Ban® Marks be surrendered for destruction;

6.      In accordance with Texas law and 15 U.S.C. § 1117(a), find this case to be exceptional in Plaintiff's favor and award Plaintiff its reasonable attorney's fees, costs, and expenses of this action;

7.      Award Plaintiff pre-judgment and post-judgment interest at the maximum allowable interest rate; and

8.      Grant Plaintiff such other relief, at law or in equity, to which they are justly entitled.

Dated:  December 3, 2019

Respectfully submitted,

*/s/ Darin M. Klemchuk*
Darin M. Klemchuk
Attorney-in-Charge
Texas State Bar No. 24002418
darin.klemchuk@klemchuk.com
Mandi M. Phillips
Texas Bar No. 24036117
mandi.phillips@klemchuk.com
Brian Casper
Texas Bar No. 24075563
brian.casper@klemchuk.com
**KLEMCHUK LLP**
8150 N. Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone:  214.367.6000
Facsimile:   214.367.6001

**ATTORNEYS FOR PLAINTIFF
LUXOTTICA GROUP S.p.A.**